WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert M. Vied,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Pinnacle Nissan Infiniti,<br><br>　　　　Defendant. | No. CV-04 2567-PHX-SRB<br><br>**OPINION AND ORDER** |

　　At issue are two motions: (1) Plaintiff Robert M. Vied's Motion To Amend Complaint (Doc. 24) ; and (2) Defendant Pinnacle Nissan, Inc.'s[1] Motion to Strike Plaintiff's Demand for Jury Trial (Doc. 17).  For the reasons that follow, Plaintiff's Motion to Amend is granted and Defendant's Motion to Strike is granted.

**I.　BACKGROUND**

　　Plaintiff, acting *pro se*, filed a Complaint in this Court on November 17, 2004. Plaintiff's original Complaint alleged that he was subjected to sexual harassment, a hostile work environment, defamation and emotional distress while employed by Defendant. (Compl. ¶ 1.) Plaintiff's original Complaint contains allegations of lewd comments, physical touching, and retaliation for complaining about the alleged acts.  Plaintiff requested the

---

　　[1]Although the caption names Defendant as "Pinnacle Nissan Infiniti," the Court notes that Defendant's correct name is Pinnacle Nissan, Inc.

1 Court's assistance "to redress the abuses of sexual and mental harassment and assault while
2 an employee [of Defendant]" and sought compensatory and punitive damages. (Compl. ¶ 2.)
3 Plaintiff did not request a jury trial in his original Complaint.

4     Plaintiff served his Complaint on Defendant on March 9, 2005, and Defendant filed
5 its answer on March 29, 2005.

6     On May 27, 2005, Plaintiff's attorney filed a Notice of Appearance. (Doc. 14.) On
7 June 16, 2005, Plaintiff, for the first time, filed a Demand for Jury Trial. (Doc. 16.)
8 Defendant moved to strike Plaintiff's Demand for Jury Trial on June 27, 2005, arguing that
9 Plaintiff's Demand was untimely. (Doc. 17.)

10     Plaintiff filed a Motion to Amend his Complaint along with a Proposed Amended
11 Complaint on July 20, 2005. (Doc. 24.) Plaintiff states that the purpose of his Proposed
12 Amended Complaint is to clarify and/or amend "the causes of action alleged in the original
13 Complaint . . . ." (Prop. Am. Compl. Opening ¶.) In his Proposed Amended Complaint,
14 Plaintiff alleges that from around June 27, 2003 until February 17, 2004, he "was physically
15 and verbally taunted and harassed by fellow employees as being gay, which occurred with
16 the knowledge of supervisors." (Prop. Am. Compl. ¶ 7.) Plaintiff further alleges that the
17 "verbal comments . . . and the physical touching were of a graphic sexual nature and made
18 on a daily basis," and that, although he complained to management, Defendant failed to stop
19 the alleged harassment from occurring and eventually eliminated Plaintiff's job. (Prop. Am.
20 Compl. ¶¶ 8-10.) The Amended Complaint states that Plaintiff filed a Charge of
21 Discrimination with the Equal Employment Opportunity Commission ("EEOC") around July
22 14, 2004, and that EEOC issued a Notice of Right to Sue to Plaintiff around August 17, 2004.
23 (Prop. Am. Compl. ¶¶ 12, 13.) The general allegations are followed by five counts alleging
24 sex and gender discrimination in employment, retaliation, defamation of character, and
25 intentional infliction of emotional distress.

26     Defendant filed its Response to Plaintiff's Motion to Amend on July 29, 2005. (Doc.
27 26.) Defendant stated in its Response that it does not oppose Plaintiff's Motion to Amend,
28 as it is merely an "attempt to clean up the pleadings," and argues that Plaintiff's claims in the

Amended Complaint "are identical to those raised in his original Complaint." (Def.'s Resp. to Pl.'s Mot. to Am. at 1-2.)

## II.   LEGAL STANDARDS AND ANALYSIS

### A.   Motion to Amend

Rule 15(a) of the Federal Rules of Civil Procedure states that a party may amend its pleading "by written consent of the adverse party" and that leave to amend a pleading "shall be freely given when justice so requires." As the United States Court of Appeals for the Ninth Circuit has held, "[o]nce the adverse party has consented to the amendment of a pleading, the court has no control over the matter under Rule 15(a)." *Fern v. United States*, 213 F.2d 674, 677 (9th Cir. 1954).

In this case, Plaintiff filed his Proposed Amended Complaint "to clarify and/or amend the causes of action alleged in the original Complaint filed by Plaintiff, who was acting *pro se* at the time of filing such Complaint, and which Complaint did not appropriately identify specific counts or all the bases for the Complaint." (Mot. to Am. at 1.) The Court agrees that Plaintiff's original Complaint did not appropriately identify specific counts or all the bases for his Complaint. Defendant stated in its Response that it does not oppose Plaintiff's Motion to Amend "[t]o the extent that Plaintiff's Amended Complaint attempts to 'clean up the pleadings.'" (Def.'s Resp. to Pl.'s Mot. to Am. at 2.) Given that Defendant has consented to Plaintiff's Proposed Amended Complaint, this Court has no control over the matter under Rule 15(a) and grants Plaintiff's Motion to Amend his Complaint and accepts Plaintiff's Complaint as amended.[2]

### B.   Demand for Jury Trial

#### 1.   Waiver

Federal Rule of Civil Procedure 38(b) requires that a party file a demand for a jury trial within ten days after service of the "last pleading directed to such issue." The federal

---

[2] Because the Court accepts Plaintiff's Proposed Amended Complaint, it will use the term "Amended Complaint" for the rest of this Order.

1 rules treat a party's failure to comply with the rules governing requests for a jury demand as
2 a waiver of that party's right to a jury trial. *See* Fed. R. Civ. P. 38(d).

3       Normally, the "last pleading" directed to an issue is the defendant's answer to the
4 issue(s) raised in the complaint. *See, e.g., McCarthy v. Bronson*, 906 F.2d 835, 840 (2nd Cir.
5 1990), *aff'd,* 500 U.S. 136, 111 S.Ct. 1737 (1991). *See also Kletzelman v. Capistrano*
6 *Unified Sch. Dist.*, 91 F.3d 68, 71 (9th Cir. 1996) (defendant's answer was last pleading for
7 purposes of Rule 38(b)). The last pleading in this case was Defendant Pinnacle Nissan Inc.'s
8 Answer filed on March 29, 2005. Therefore, Plaintiff's demand for jury trial was due by
9 April 12, 2005. Because Plaintiff filed his Demand for Jury Trial on June 16, 2005, more
10 than ten days after Defendant filed its answer, Plaintiff waived his right to a jury trial.

11       In the case of an amended pleading, courts will sometimes grant a demand for jury
12 trial made within ten days after service of the amended pleading. *See, e.g., Clement v. Am.*
13 *Greetings Corp.*, 636 F. Supp. 1326, 1334 (S.D. Cal. 1986) (citing *Trixler Brokerage Co. v.*
14 *Ralston Purina Co.*, 505 F.2d 1045, 1049-50 (9th Cir. 1974); *Pradier v. Elespuru*, 641 F.2d
15 808, 810 n.1 (9th Cir. 1981)). However, the right to a jury trial is only revived by an
16 amended pleading that raises an issue "not previously raised in the original complaint." *Cal.*
17 *Scents v. Surco Prod., Inc.*, 406 F.3d 1102, 1106 (9th Cir. 2005). A new *theory*, though,
18 "'does not constitute the presentation of a new *issue* on which a jury trial should be granted
19 [as of right] under . . . Rule 38(b).'" *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1066
20 (9th Cir. 2005) (emphasis and alteration in original) (quoting *Trixler*, 505 F.2d at 1050). As
21 noted by the *Cal. Scents* court, "'Rule 38(b) is concerned with issues of *fact*.'" *Cal. Scents*,
22 406 F.3d at 1106 (emphasis in original) (quoting *Lutz*, 403 F.3d at 1066). Thus, if the issues
23 in the original complaint and the amended complaint turn on the same "matrix of facts," then
24 a party is not entitled to a trial by jury. *Las Vegas Sun, Inc. v. Summa Corp.*, 610 F.2d 614,
25 620 (9th Cir. 1979).

26       Plaintiff admits that his Amended Complaint was filed "for the purpose of clarifying
27 and amending his Complaint to identify which causes of action he had intended to allege in
28 his Complaint." (Pl.'s Resp. to Def.'s Mot. to Strike at 2.) Plaintiff's original Complaint

- 4 -

alleges that he was subjected to sexual harassment, a hostile work environment, defamation and emotional distress while employed by Defendant. Plaintiff's Amended Complaint contains five counts alleging sex and gender discrimination in employment, retaliation, defamation of character, and intentional infliction of emotional distress. Each of these counts in the Amended Complaint is based on the same "matrix of facts" as Plaintiff's original Complaint, i.e., that he was allegedly subjected to physical touching and verbal comments "of a graphic sexual nature," that Defendant failed to stop the alleged harassment from occurring, and that Defendant eventually eliminated Plaintiff's job in retaliation.[3] Thus, Plaintiff's Amended Complaint did not present any new issues of fact and, so, did not revive Plaintiff's right to demand a jury trial.

### 2. Discretion

Plaintiff has alternatively requested that the Court exercise its discretion under Rule 39(b) of the Federal Rules of Civil Procedure to grant Plaintiff's Demand for Jury Trial. This Court's discretion in such matters is "narrow," however, and a court may not grant relief when a party's untimeliness "'results from an oversight or inadvertence.'" *Kletzelman,* 91 F.3d at 71 (quoting *Blau v. Del Monte Corp.*, 748 F.2d 1348, 1357 (9th Cir. 1984)). As the Ninth Circuit has explained, "[a]n untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown." *Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001). *See also Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1086 (9th Cir. 2002) (finding plaintiff's request for jury trial was untimely despite plaintiff's argument that he was *pro se* and unaware of the requirements of Rule 38(b)). Plaintiff in this case has shown no cause beyond mere inadvertence nor offered any explanation for his failure to demand a jury trial within the time specified by Federal Rule of Civil Procedure 38(b). Therefore this Court is unable to exercise its discretion in granting Plaintiff's Demand for Jury Trial.

---

[3] The only truly new fact in Plaintiff's Amended Complaint is that Plaintiff filed a charge of discrimination with the EEOC and received a right-to-sue letter from the agency.

1   **IT IS ORDERED** granting Plaintiff's Motion to Amend Complaint (Doc. 24).

2   **IT IS FURTHER ORDERED** granting Defendant's Motion to Strike Plaintiff's
3   Demand for Jury Trial (Doc. 17).

6   DATED this 7th day of October, 2005.

_____
Susan R. Bolton
United States District Judge